## GEORGE LEDGERWOOD v. STATE.

No. A-2577.   Opinion Filed September 29, 1916.

Rehearing Denied January 11, 1917.

(163 Pac. 135.)

1.   **APPEAL AND ERROR—Right to Appeal.**   An appeal to this court should not be taken for delay only.

2.   **SAME—Affirmance.**   When a judgment of conviction for misdemeanor is appealed from a trial court to the Criminal Court of Appeals, the case should be briefed or argued when set. Otherwise the judgment will be affirmed without review.

*Appeal from County Court, Comanche County;*
*R. J. Ray, Judge.*

George Ledgerwood was convicted of violating the prohibitory law, and appeals.   Affirmed.

*W. C. Henderson* and *M. T. Perkins,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   George Ledgerwood was convicted at the July, 1915, term in the county court of Comanche county on a charge of having unlawful possession of intoxicating liquor with the intent to sell the same, and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 30 days. The judgment was pronounced in the trial court on the 31st day of July, 1915.   Appeal was filed in this court on the 12th day of November, 1915.   No brief has been filed on behalf of the plaintiff in error, and no appearance made for oral argument.   The Assistant Attorney General filed a motion to affirm the judgment of the lower court on the ground that the appeal has been

abandoned.  An appeal should not be taken to the Criminal Court of Appeals for the purpose of delay only. When counsel appeal a case to this court and later conclude to abandon same, a motion to dismiss on behalf of the plaintiff in error should be filed and called to the attention of the court by the person taking the appeal. All appeals should be briefed or argued orally.  In misdemeanor cases, unless a brief is filed on behalf of the plaintiff in error, or oral argument made, a judgment of conviction will be affirmed without review.

The motion is sustained.  No fundamental error appearing, the judgment is affirmed.

DOYLE, P. J., and BRETT, J., concur.